United States District Court
Southern District of Texas
**ENTERED**
March 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Joe Arias, § § §  Petitioner, § § v. § §  Civil Action H-21-3200 § Bobby Lumpkin, § Director, Texas Department of § Criminal Justice, Correctional § Institutions Division, § Respondent. § | |

# Report and Recommendation

Joe Arias filed a form petition for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that he has been in custody for over thirty-five years on a conviction for which he was sentenced to only twenty years in prison. Arias alleges that his continued incarceration violates his Fifth, Sixth, Eighth, and Fourteenth Amendment rights. Arias's petition makes only conclusory allegations and does not set forth specific claims for habeas relief. His petition is also similar to a previous § 2254 petition he filed in the Galveston Division of the Southern District of Texas in cause number 3:08-cv-0021.

On October 25, 2021, the court ordered Arias to file an amended petition on the standard form within thirty days. (D.E. 5.) The court instructed Arias to specifically articulate his claims for relief. *Id.* The court also instructed Arias to state whether he challenged the calculation of his sentence and to include every date on which the TDCJ released him on parole or mandatory supervised release and every date on which TDCJ revoked his release. *Id.* Finally, the court instructed Arias to explain how his claims are different from the claim he brought in Case No. 3:08-cv-0021. *Id.*

Arias did not comply with the court's order, and his time to do so has expired. A district court has inherent authority to dismiss a case for a litigant's failure to prosecute the action or his failure to comply with a court

order. *See* Fed. R. Civ. P. 41(b); *see, e.g., Mutuba v. Halliburton Co.*, 949 F. Supp. 2d 677, 687 (S.D. Tex. 2013). Arias may have failed to comply because he no longer resides at his last known address. (D.E. 6.) It is Arias's obligation to advise the court of his current address. LR 83.4 (S.D. Tex.). Arias has not provided the court with an updated address. Arias's failure to comply with the court order as directed or provide a current address demonstrates that he lacks diligence in prosecuting his habeas action. Therefore, dismissal without prejudice for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (noting that a district court may sua sponte dismiss an action for failure to prosecute or to comply with any court order).

The court recommends that Arias's federal habeas corpus petition be dismissed without prejudice. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March __16__, 2022.

_____
Peter Bray
United States Magistrate Judge

2